IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHERRY LEE MCMANUS                                                      PLAINTIFF

V.                                    NO. 09-5027

MICHAEL J. ASTRUE,
Commissioner of Social Security                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sherry Lee McManus, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner), denying her claims for disability and disability insurance benefits under Title II of the Social Security Act (the Act) and Supplemental Security Income under Title XVI of the Act. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**Procedural Background**

Plaintiff applied for disability insurance benefits, as well as supplemental security income, on August 25, 2005, alleging an onset date of January 1, 2000. (Tr. 64-66, 372-378). Her claims were denied initially and upon reconsideration. (Tr. 33, 49-52, 379, 385-388 ). On March 13, 2008, a hearing was held before an Administrative Law Judge (ALJ). (Tr. 392-416). On May 27, 2008, the ALJ issued an unfavorable decision, denying Plaintiff's disability claim. (Tr. 9-24). In his written decision, the ALJ found that Plaintiff had the following severe impairments: bilateral carpal

tunnel syndrome; chronic low back pain; neck pain; hearing loss in the right ear; post traumatic stress disorder (PTSD); major depressive disorder, recurrent, moderate; amphetamine dependence, currently in sustained full remission; and borderline personality disorder. (Tr.15). However, the ALJ also found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. In his decision, the ALJ found that Plaintiff had the RFC to perform light work with restrictions:

> lift and/or carry 20 pounds occasionally and 10 pounds frequently, sit for six hours and stand for six hours. Plaintiff cannot climb ladders and scaffolds, she can occasionally stoop and crawl and can frequently climb stairs and ramps, balance, kneel and crouch. Plaintiff's far acuity is limited to frequent, she has no hearing in one ear but there is no limitation in the other ear and she must avoid concentrated exposure to loud noises. Plaintiff is moderately limited in the ability to understand, remember and carry out complex instructions, respond appropriately to usual work situations and routine work changes and interact appropriately with supervisors and coworkers.

The Vocational Expert to whom the ALJ presented hypotheticals, found that there were jobs in the national economy that the hypothetical individual would be able to perform - cashier, maid, and fast food worker. On November 21, 2008, the Appeals Council denied Plaintiff's request for review. (Tr. 4-6).

**Evidence Presented**

Plaintiff was born on December 12, 1958, and completed the 10th grade. (Tr. 395). In her application for disability benefits, Plaintiff alleged that back problems - nerve damage and consistent pain prevented her from being able to work. (Tr. 73-74). At the hearing before the ALJ, Plaintiff also contended that her anxiety and depression kept her from working. (Tr. 395).

Plaintiff began having problems with anxiety in 2000, when she began visiting Ozark Guidance Center (OGC). (Tr. 264). At that time, she reported that her anxiety started when she was

30 years old. She also reported that she had problems with cocaine abuse. (Tr. 264). Plaintiff was diagnosed at that time with Anxiety Disorder, NOS. (Tr. 265). Plaintiff did not go back to OGC until October 26, 2006. (Tr. 256).

At the end of 2003, Plaintiff began reporting low back pain and depression to St. Joseph's Community Care Facility. (Tr. 223). During 2004 and part of 2005, Plaintiff presented herself to St. Joseph's Community Care Facility and St. Joseph's Diagnostic Center for various reasons: sciatica; hearing loss; allergic rhinitis; depression; insomnia; pap smear; sinusitis; perimenopause; foot pain; back pain; plantar fasciitis; pain management; weight loss and fatigue. (Tr. 221, 220, 218, 217, 216, 213, 212, 210, 209, 208, 207).

In her disability report, Plaintiff alleged that she was in constant pain and could not stand or sit for more than 20 to 30 minutes without pain. (Tr. 73, 75). Plaintiff reported problems with sleeping at night and that she did not socialize much. She stated that she tired easily, lost focus and concentration and could only lift 5 pounds, walk a block and back, and only walk for 15 minutes before needing to stop and rest. (Tr. 96).

The court has reviewed the entire record in this case, including all of the medical records, and concludes that remand is required. On October 10, 2007, subsequent to the two Physical Residual Functional Capacity (RFC) Assessments that were conducted on November 8, 2005, and February 10, 2006, respectively, Plaintiff was involved in a motor vehicle accident. (Tr. 347). She began seeing Dr. Larry Weeks, her chiropractor, after the accident, and Dr. Weeks referred Plaintiff to Dr. Michael W. Morse, of Neurological Associates. Dr. Morse saw Plaintiff on January 18, 2008, at which time Plaintiff complained of constant left arm numbness, neck pain that radiated down to her fingers, and a pulling sensation in her neck, which caused headaches. She also had chronic sciatica.

(Tr. 277-279). Dr. Morse conducted a nerve conduction velocity test, which documented left carpal tunnel syndrome. (Tr. 278).

On February 4, 2008, x-rays of Plaintiff's cervical spine reflected that there was a tilt of the spine to the right and rotational malposition was noted at C2. (Tr. 267). There was straightening of the lordosis[1] with anterior weight bearing. There was adequate range of motion. There was an arcuate foramen at C1 and no evidence of acute fracture or dislocation. The remaining osseous structures, joint spacing and articular relationships were maintained. There was no other evidence of osseous or joint pathology. (Tr. 267). X-rays of Plaintiff's lumbar spine revealed pelvis and sacrum rotational malpositions and there was pelvic unleveling, low on the right with a tilt of the lumbar spine to the right. There was a flattening of the lordosis with posterior shift in weight bearing. There was osteophyte formation of the L5 disc level and subchondral sclerosis of the facet joints of L3-L4, L4-L5, and L5-S1. There was no evidence of acute fracture or dislocation, and the remaining osseous structures, joint spacing and articular relationships were maintained. There was no other evidence of osseous or joint pathology. (Tr. 267).

On February 5, 2008, Dr. Morse noted that Plaintiff was wearing a brace at night for her carpal tunnel syndrome and suggested that surgical intervention would be an option. (Tr. 303). Although Plaintiff requested pain medication, Dr. Morse preferred not to use narcotics and gave her samples of Celebrex. (Tr. 303). Plaintiff presented herself again to Dr. Morse on February 29, 2008 complaining of right arm pain. Dr. Morse's impression was right carpal tunnel syndrome. (Tr. 274).

---

[1] Lordosis has been defined as 1) A concave portion of the spinal column as seen from the side. 2) Abnormally increased concavity in the curvature of the lumbar spinal column as viewed from the side; called also *hollow back, saddle back* and *swayback.* Dorland's Illustrated Medical Dictionary, 31st Edition (2007).

Based upon the events which occurred subsequent to the dates of the Physical RFC Assessments and before the ALJ's decision, the court finds it appropriate to remand this matter to the ALJ, with instructions to obtain another Physical RFC Assessment from an examining physician, and to consider Plaintiff's RFC in light of the new Physical RFC Assessment.

**Conclusion**

Based upon the foregoing, the undersigned reverses the decision of the ALJ and remands this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 12th day of February, 2010.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE